UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jessica A. Stein,<br>  Plaintiff, | CASE NO.: 2:25-cv-12673-BHH-MHC |
| v. | **COMPLAINT**<br>**(Jury Trial Requested)** |
| Nudj Health, Inc.,<br>  Defendant. | |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Jessica A. Stein, is a citizen of the State of South Carolina, and resides in Charleston County, South Carolina.

3. The Defendant, Nudj Health, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. The Defendant adopted the Family and Medical Leave Act and offered it as a benefit to its employees.

12. In or around May 2022, the Plaintiff began working for Defendant as a Collaborative Care Manager. In or around August 2023, the Plaintiff was promoted to Senior Collaborative Care Manager. At all times during her employment, the Plaintiff was efficient and effective in her work.

13. In or around May 2023, Plaintiff notified Human Resources that she would be adopting a newborn child in or around October 2023, upon the birth of the child

14. Upon learning this, Deb Halligan, Chief Operating Officer, became upset and attempted over several months to dissuade Plaintiff was requesting and taking FMLA leave upon the birth of her child.

15. In or around September 2023, the Plaintiff formally requested FMLA during the months of October, November, and December due to the upcoming birth of her child.

16. On or about September 26, 2023, the Plaintiff was terminated by her supervisor, Deb Halligan, for requested FMLA leave.

17. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## FOR A FIRST CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Interference

18. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

19. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

20. Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute(s).

21. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

22. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

23. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits

together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Retaliation

24. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

25. Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

26. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

27. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

28. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

<u>*s/Matthew O. King*</u>
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
September 24, 2025.